# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MANUFACTURERS AND TRADERS TRUST COMPANY, | ) ) ) | |
| | ) | CASE NO. 3:14-mc-18 |
| Plaintiff, | ) ) | JUDGE KIM R. GIBSON |
| v. | ) ) | |
| MINUTEMAN SPILL RESPONSE, INC., | ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER OF COURT

**I.      INTRODUCTION**

This case comes before the Court on Defendant's motion to transfer venue. Defendant Minuteman Spill Response, Inc. requests that this case be transferred to the Middle District of Pennsylvania for reference to the Bankruptcy Court in that District. (ECF No. 20). Defendant asserts that such transfer is proper because this case will have a critical effect on Defendant/debtor's bankruptcy estate. (ECF No. 21 at 3). The Court held oral argument on this matter. For the reasons given below, this Court will deny Defendant's motion to change venue.

**II.     BACKGROUND**

   **a. Factual history**

This case involves certain loans made by M&T Bank to Minuteman. In exchange for a Daily Adjusting LIBOR Revolving Line Note and an Addendum to Line of Credit

1

Note in the principal amount of $1,500,000, M&T Bank extended a $1,500,000 loan to Minuteman Spill. (ECF No. 1 at 2). On August 21, 2012, Minuteman Spill executed a Term Note in the original principal amount of $440,000, in exchange for which M&T Bank extended a $440,000 loan to Minuteman. (*Id.*). M&T Bank further extended loans of $133,702 and $4,600,000 to Minuteman. (*Id.* at 2–3). Minuteman Spill subsequently went in default of its loans as a result of its failure to make certain loan payments when due. (*Id.* at 3). On September 27, 2013, M&T Bank accelerated the entire principal balance and all accrued, unpaid interest and other amounts due under the Minuteman $1,500,000 Note, which had not been paid. (*Id.*).

Both the Minuteman $1,500,000 and $4,600,000 Notes contained forum selection clauses. The $4,600,000 Note contained the following provision:

> BORROWER HEREBY IRREVOCABLY CONSENTS TO THE EXCLUSIVE JURISDICTION OF ANY STATE OR FEDERAL COURT IN THE COMMONWEALTH OF PENNSYLVANIA IN A COUNTY OR JUDICIAL DISTRICT WHERE THE BANK MAINTAINS A BRANCH . . . Borrower acknowledges and agrees that the venue provided above is the most convenient forum for both the Bank and the Borrower. Borrower hereby waives any objection to venue and any objection based on a more convenient forum in any action instituted under this Note.

*See* ECF No. 1, Ex. A, ¶ 13.

The Minuteman $440,000 Note and the Minuteman $133,702 Note contained the following provision:

> The Borrower irrevocably submits to the nonexclusive jurisdiction of any Federal or state court sitting in Pennsylvania, over any suit, action or proceeding arising out of or relating to this Note. The Borrower irrevocably waives, to the fullest extent it may effectively do so under applicable law, any objection it may now or hereafter have to the laying of venue of any

such suit, action or proceeding brought in any such court and any claim that the same has been brought in an inconvenient forum… .

(ECF No. 1, Ex. B (Minuteman $440,000 Note, p. 5), and Ex. C (Minuteman $133,702 Note, p. 5–6)). The loans were made and administered in this district, and a substantial part of the events or omissions giving rise to the claims occurred in this district. (ECF No. 1 at 2).

### b. Procedural background

After Minuteman failed to pay its debt on the $1,500,000 Note, M&T Bank declared default and accelerated the amounts due under the other loans. (ECF No. 27 at 1). M&T Bank filed a Complaint in Confession of judgment in the amount of $4,669,164.35, plus additional late charges and interest accruing at the default rates set forth in the Minuteman Notes. The confessed judgment was entered on March 31, 2014. (*Id.*). Minuteman filed a voluntary petition for relief under Chapter 11 of the U.S. Bankruptcy Code in the U.S. Bankruptcy Court for the Middle District of Pennsylvania on April 18, 2014. (*Id.* at 2). Minuteman then filed with this Court a Motion for Relief from Judgment Entered by Confession – Petition to Open and/or Strike Judgment Entered by Confession with Counterclaim with this Court. (ECF No. 8). Minuteman Spill subsequently filed the instant motion for change of venue, asking that the case be transferred to the Middle District of Pennsylvania for reference to the Bankruptcy Court in that District. (ECF No. 20).

### III. JURISDICTION AND VENUE

This Court has original jurisdiction over all claims arising in this action pursuant to 28 U.S.C. § 1332(a), because the amount in controversy exceeds the sum or value of

$75,000, exclusive of interests and costs, and based on the parties' diversity of citizenship. Venue is also proper under 28 U.S.C. § 1391(a) because the loans were made and administered, and a substantial part of the events giving rise to the claim, occurred in this district, as well as based on the forum selection clause incorporated in the Minuteman Notes.

IV. **LEGAL STANDARD**

   a. **The federal change of venue statute**

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The burden is on the moving party to establish that a balancing of proper interests weigh in favor of the transfer. *Shutte v. Armco Steel Corp.*, 431 F.2d 22., 25 (3d Cir. 1970) (citing *Everprest, Inc. v. Phillips-Van Heusen Corp.*, 300 F.Supp. 757 (M.D. Ala. 1969)). The plaintiff's choice of forum should prevail "unless the balance of convenience of the parties is strongly in favor of defendant." *Id.* (quoting *Owatonna Manufacturing Company v. Melroe Company*, 301 F. Supp. 1296, 1307 (D. Minn. 1969)).

In ruling on § 1404(a) motions, courts have not limited their consideration to the three enumerated factors in § 1404(a), namely convenience of the parties, convenience of witnesses, or interests of justice. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995). Courts have considered many variants of the private and public interests protected by the language of § 1404(a). *Id.* The private interest factors include the plaintiff's forum preference as manifested in the original choice, the defendant's preference, whether the

4

claim arose elsewhere, the convenience of the parties as indicated by their relative physical and financial condition, the convenience of the witnesses, and the location of books and records. *Id.* (citations omitted). The public interest factors include the enforceability of the judgment, practical considerations that could make the trial easy, expeditious or inexpensive, the relative administrative difficulty in the two fora resulting from court congestion, the local interest in deciding local controversies at home, the public policies of the fora, and the familiarity of the trial judge with the applicable state law in diversity cases. *Id.* at 879–880.

The courts apply special considerations where the parties have agreed to a forum selection clause. "[A] forum selection clause is treated as a manifestation of the parties' preferences as to a convenient forum." *Jumara*, 55 F.3d at 880. The presence of a forum selection clause will be a significant factor that figures centrally in the district court's calculus as to whether to grant a motion to transfer. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). The agreement to a forum selection clause constitutes a waiver on behalf of the parties to challenge the preselected forum as inconvenient or less convenient for themselves, their witnesses, or their pursuit of the litigation. *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for Western Dist. of Texas*, 134 S.Ct. 568, 582 (2013). Where the parties have agreed to a forum selection clause, a court must deem the private-interest factors to weigh entirely in favor of the preselected forum. *Id.* Consequently, a district court may only consider arguments about public-interest factors. *Id.* Since those factors will rarely defeat a transfer motion, the result is that forum selection clauses should control except in unusual cases. *Id.* Notably, a forum selection clause may factor into the parties'

5

negotiations, and may have affected how they set monetary and other contractual terms. *Id.* at 583. In all but the most unusual cases, therefore, "the interest of justice" is served by holding parties to their bargain. *Id.*

V.  **DISCUSSION**

Defendant argues that this Court may grant the motion for change of venue without lifting the stay of the bankruptcy proceedings. (ECF No. 21 at 4). Defendant also asserts that this case should be transferred so that the Bankruptcy Court in the Middle District can comprehensively administer the debtor's estate in a single forum. (*Id.* at 6). Plaintiff responds by observing that the Minuteman $1,500,000 Note and the Minuteman $4,600,000 Note contained valid forum selection clauses and express waivers of the right to challenge the venue of this Court. (ECF No. 27 at 3).

a. **The choice of venue clause**

The clause in the parties' agreement did not provide for a specific forum, but rather provided that the borrower consented to the "exclusive jurisdiction of any state or federal court in the commonwealth of Pennsylvania in a county or judicial district where the bank maintains a branch." (ECF No. 27 at 3, citing ECF No. 1, Exs. A and D). In addition, the agreement provided that "[t]he Borrower irrevocably submits to the nonexclusive jurisdiction of any Federal or state court sitting in Pennsylvania, over any suit, action or proceeding arising out of or relating to this Note." (*Id.*, citing ECF No. 1, Ex. B).

After Minuteman had defaulted, Plaintiff filed a Judgment in this Court, and made a demand on the Minuteman $1,500,000 Note on September 27, 2013, as contemplated by this Court in its Memorandum and Order of Court entered December 16, 2013 in *Manufacturers and Traders Trust Company v. Minuteman Spill Response, Inc. et al.*, at Case No. 3:13-cv-174 KRG. The Judgment was entered on March 31, 2014, followed by Minuteman's filing for bankruptcy on April 18, 2014. (ECF No. 27 at 7). Minuteman subsequently filed a Suggestion of Bankruptcy on April 22, 2014, and then filed a Motion for Relief from Judgment with this Court. (ECF No. 8).

Defendant has not provided the Court with a strong reason why it should not look to the forum selection clause in the agreement between the parties. A forum selection clause is presumptively valid and will be enforced by the forum unless the party objecting to its enforcement establishes (1) that it is the result of fraud or overreaching, (2) that enforcement would violate a strong public policy of the forum, or (3) that enforcement would in the particular circumstances of the case result in litigation in a jurisdiction so seriously inconvenient as to be unreasonable. *Coastal Steel Corp. v. Tilghman Wheelabrator Ltd.*, 709 F.2d 190, 202 (3d Cir. 1983). None of these considerations are applicable here. Defendant has provided no evidence that the forum selection clause was agreed to as a result of fraud or overreaching. The clause also does not violate a strong public policy of the forum. A confession of judgment has already been entered in this jurisdiction. Moreover, Plaintiff maintains branches in this judicial district. Thus, there is no evidence that enforcement of the forum selection clause here would result in serious inconvenience to the litigants.

In addition, Defendant has not satisfied the Court that the Middle District is a more convenient forum. Since M&T Bank maintains multiple branches within the Western District of Pennsylvania, venue is proper in this district pursuant to the forum selection clause. As the Court noted above, a forum selection clause should only be disregarded in the most exceptional circumstances. Defendant has failed to provide the Court with sufficient reasons to establish such an exceptional circumstance.

The Court finds that the balance of convenience is not so heavily in favor of transferring venue to the Middle District to warrant ignoring the choice of venue provision.

**VI.     CONCLUSION**

For the foregoing reasons, the Court finds that venue in this district is appropriate. Defendant's motion to transfer venue shall therefore be denied.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MANUFACTURERS AND TRADERS TRUST COMPANY, | ) ) ) | CASE NO. 3:14-mc-18 |
| Plaintiff, | ) ) ) | JUDGE KIM R. GIBSON |
| v. | ) ) | |
| MINUTEMAN SPILL RESPONSE, INC., | ) ) | |
| Defendant. | ) | |

### ORDER

NOW, this 26th day of August, 2015, upon consideration of Defendant's motion to change venue (ECF No. 20), **IT IS HEREBY ORDERED** that the motion is **DENIED**.

BY THE COURT:

KIM R. GIBSON
UNITED STATES DISTRICT JUDGE