IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MANUFACTURERS AND TRADERS TRUST COMPANY, | ) ) ) | |
| | ) | CASE NO. 3:14-mc-18 |
| Plaintiff, | ) ) | |
| | ) | JUDGE KIM R. GIBSON |
| v. | ) ) | |
| MINUTEMAN SPILL RESPONSE, INC., | ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

### I. Introduction

Presently before this Court is Defendant Minuteman's Motion for Relief from Judgment Entered by Confession (Petition to Open and/or Strike Off Judgment Entered by Confession). (ECF No. 8). The issues have been fully briefed, and the matter is now ripe for disposition. For the reasons that follow, the Court will deny Defendant's motion.

### II. Procedural Background

On March 31, 2014, Manufacturers and Traders Trust Company confessed judgment against Minuteman in the amount of $4,669,164.35.

### III. Legal Standard

A motion to open or vacate a judgment entered in the federal court is procedurally governed by Rule 60 of the Federal Rules of Civil Procedure. *F.D.I.C. v. Deglau*, 207 F.3d 153, 161 (3d Cir. 2000) (citing *Girard Trust Bank v. Martin*, 557 F.2d 386, 389–90 (3d

1

Cir.1977)). The Court in *Deglau* further noted the following with regards to a motion to strike a judgment:

> A motion to strike a judgment will be granted only if a fatal defect or irregularity appears on the face of the judgment, and the defect must be alleged in the motion to strike. In determining whether there is a defect, the court must review together the confession of judgment clause complained of and the complaint itself. The facts averred in the complaint are to be taken as true; if the debtor disputes their truth, the remedy is a motion to open the judgment. Circumstances in which a judgment should be stricken include a creditor's lack of authority to confess judgment; entry of judgment by means not in accord with provisions of a warrant of attorney; and warrants that are not in writing, or not signed directly by the person to be bound by them.

*Id.* at 167 (internal citations omitted).

The Court further made the following observation regarding a motion to open judgment:

> A motion to open is to be granted "[i]f evidence is produced which in a jury trial would require the issues to be submitted to the jury...." PA. R. CIV.P. 2959(e). Thus, the standard of sufficiency is that of a directed verdict. The district court is to view all the evidence in the light most favorable to the petitioner and to accept as true all evidence and proper inferences from it which support the defense while rejecting adverse allegations of the party obtaining the judgment. The Pennsylvania rules regarding challenges to confessed judgment require the petitioner to offer "clear, direct, precise and 'believable' evidence" of his meritorious defenses.

*Id.* at 168 (internal citations omitted).

### IV. Analysis

#### a. Defendant's argument

Minuteman argues that if the confession of judgment in this case is not stricken, "it must be opened because the amount of the confessed judgment is patently excessive on its

face." (ECF No. 9 at 5). Minuteman asserts that the attorney's fees in the amount of $410,214.57 "bears no reasonable relationship whatsoever to the work actually performed or the attorney's fees actually incurred and is, therefore, *per se,* punitive and unconscionable." (*Id.* at 9). Minuteman further asserts that because the bank's improper conduct prevented Minuteman from performing under the Loans, Minuteman is relieved of its corresponding obligation under those loans. (*Id.* at 11). Minuteman also claims that the bank breached the obligation of good faith and fear dealing, constituting a breach that requires the opening of the judgment. (*Id.* at 16).

M&T Bank responds that "Minuteman has not alleged any fatal defect or irregularity appearing on the face of the Judgment; thus, Minuteman's request to strike the Judgment should be denied on this basis alone." (ECF No. 24 at 3). M&T Bank also notes that Minuteman has no meritorious defense to the entry of the judgment and has not produced any evidence to require submission of issues to a jury. (*Id.*). In addition, M&T Bank claims that Minuteman's argument to open judgment is meritless as it is based on the erroneous premise that M&T Bank "unlawfully froze" Minuteman's accounts after receiving a valid warrant to search and seize, among other things, Minuteman's bank accounts. (*Id.*).

**b. Discussion**

The Court finds that Defendant Minuteman has presented insufficient evidence to support its motion to open or strike the confessed judgment. Defendant has neither pointed the Court to any fatal defects or irregularities, nor has it presented the Court with any meritorious defenses to the confession of judgment.

3

In order to support a motion to open judgment, Minuteman must present evidence that would require the issues to be presented to a jury. *See Deglau*, 207 F.3d at 168. Minuteman has failed to present the Court with any evidence to satisfy the Court that the issues should be presented to a jury. Defendant claims that the amount of the confessed judgment is patently excessive on its face. (ECF No. 9 at 5). However, Plaintiff counters that "[e]ach of the Minuteman Notes includes a warrant of attorney authorizing M&T Bank to confess judgment for specified amounts." (ECF No. 24 at 12). The Court finds that the amounts included in the judgment were authorized by the warrant of attorney contained in the Minuteman Notes. The Court also finds that the amount of attorney's fees awarded in the confession of judgment is not excessive. The Notes signed by Minuteman specifically authorized the award of attorney's fees. (*Id.* at 12–13). Thus, Minuteman has failed to present a viable defense on the basis that the awarded attorney's fees or the amount of the confessed judgment are excessive.

Minuteman has also failed to satisfy the Court that a motion to strike the confessed judgment is warranted. Minuteman has not pointed the Court to any fatal defect or irregularity appearing on the face of the judgment. *See Deglau*, 207 F.3d at 167. Minuteman claims that M&T Bank "unlawfully froze" its accounts. However, M&T Bank responds that Minuteman's accounts were frozen after receiving a valid warrant to search and seize. (ECF No. 24 at 3). On May 29, 2013, M&T Bank was served with a search and seizure warrant that was issued to the Pennsylvania Attorney General's Office by the Honorable Norman A. Krumenacker as the Supervising Judge of the Thirty-Fourth Statewide Investigating Grand Jury. (*Id*. at 4). M&T Bank states that it was obligated, as a matter of

law, to comply with the Warrant by, among other things, placing an administrative hold on the accounts identified in the Warrant. (*Id.*). M&T Bank notes that the funds that were seized pursuant to the Warrant are and remain subject to the first priority security interest and M&T Bank's right of recoupment. In addition, M&T Bank observes that the Minuteman funds that are still being held by M&T Bank have been sequestered pursuant to an agreement among Minuteman, M&T Bank and the Attorney General's Office and an order entered by the Grand Jury Court. (*Id.* at 5). Minuteman has failed to satisfy the Court that its funds were "unlawfully frozen." Consequently, Minuteman has failed to establish any fatal defect or irregularity on the face of the judgment.

The Court finds that the other arguments raised by Minuteman in its Motion to Strike and/or Open Confession of Judgment are without merit. Minuteman has failed to present evidence to warrant granting its Motion.

## V. Conclusion

For the foregoing reasons, the Court finds Defendant's Motion to Strike and/or Open Confession of Judgment shall be denied. The amount specified in the confession of judgment and the amount of attorney's fees was not excessive.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| MANUFACTURERS AND TRADERS TRUST COMPANY, | ) ) ) | |
|---|---|---|
| Plaintiff, | ) ) ) | CASE NO. 3:14-mc-18 |
| | ) | JUDGE KIM R. GIBSON |
| v. | ) ) | |
| MINUTEMAN SPILL RESPONSE, INC., | ) ) | |
| Defendant. | ) | |

## ORDER OF COURT

AND NOW, on this **2ND** day of September, 2015, upon consideration of Defendant Minuteman's Motion for Relief from Judgment Entered by Confession (Petition to Open and/or Strike Off Judgment Entered by Confession) (ECF No. 8), and in accordance with the accompanying Memorandum Opinion,

**IT IS HEREBY ORDERED** that Defendant's Motion is **DENIED**.

BY THE COURT:

_/s/ Kim R. Gibson_
KIM R. GIBSON
UNITED STATES DISTRICT JUDGE